CRÉDITO Y AHORRO POPULAR, Plaintiff and Appellee, *v.* ANTONIO MOLINI, Defendant and Appellant, and BLANCA MARIANI DE MOLINI, Defendant.

No. 5866.   Argued March 14, 1933.—Decided July 29, 1933.

*González Fagundo & González, Jr.,* for appellant.   *Tous Soto & Zapater* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

Antonio Molini Ruiz and Blanca Mariani de Molini are husband and wife.   In the District Court of Ponce the Crédito y Ahorro Popular obtained a judgment by default against the said husband and wife in the sum of $793.53.   The said Blanca Mariani moved to set aside the judgment and the court granted the motion.   She answered the complaint and the issue or issues so raised between her and Crédito y Ahorro Popular were placed on the calendar for trial for the 1st of December, 1930.

On the 21st of November 1930, the plaintiff came to court by its attorneys and alleged "that they desisted from going on with the present suit, etc., and that the court should dismiss the case without costs or excluding therefrom attorneys' fees and should overrule its setting on the calendar." The court in general terms ordered the dismissal of the case.

In the meantime Antonio Molini took no action and did not appeal from the judgment by default rendered against him. Then the plaintiff on the theory that there was a valid judgment against the said Antonio Molini attempted to execute it.

Subsequently the said defendant came into court and averred in effect that the case had been totally dismissed and that no judgment against him existed. The court in an order decided in favor of the said husband on the ground that the dismissal was general. On a motion for reconsideration the court reversed its action on the ground that when the case was dismissed there was no action pending against Antonio Molini as a judgment by default had been rendered and the said judgment was unappealable (*firme*) as to him; that only an action was pending against Blanca Mariani de Molini. The court then entered an order stating that the previous dismissal should be held only to apply to Blanca Mariani de Molini. The appeal is from that order.

We hold that the court was right. It was among other things a matter of identification. Looking at the motion to dismiss, the words "the case" are shown to refer to the one set for hearing. "The setting of the same (the case) shall be set aside." The parties had in mind the branch of the suit against the wife.

Even beyond the term the court may interpret its own judgments or orders, the appellant to the contrary notwithstanding.

The appellant maintains that the original judgment was indivisible. If the principal obligation was purely matri-

monial the husband alone sufficed and the dismissal of the suit against the wife could not apply to the husband.

If an attempt was being made to reach the separate property of the wife the judgment was clearly divisible.

The resolution appealed from will be affirmed.